**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-1472**

_____

SANGEET B C, a/k/a BC Sangeet H, a/k/a Sangeet Baniya
Chettri, a/k/a Sangeet BC,

        Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted: September 18, 2012     Decided: October 1, 2012

_____

Before GREGORY, AGEE, and FLOYD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Dilli Raj Bhatta, THE BHATTA LAW FIRM, Jackson Heights, New
York, New York, for Petitioner. Stuart F. Delery, Acting
Assistant Attorney General, Ernesto H. Molina, Jr., Assistant
Director, Sheri R. Glaser, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sangeet B C, a native and citizen of Nepal, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. A refugee is someone "who is unable or unwilling to return to" his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" 8 U.S.C. § 1101(a)(42)(A) (2006). Asylum applicants have the burden of proving that they satisfy the definition of a refugee to qualify for relief. They may satisfy this burden by showing that they were subjected to past persecution or that they have a well-founded fear of persecution on account of a protected ground such as political opinion. See 8 C.F.R. § 208.13(b)(1) (2012). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution.

Aliens face a heightened burden of proof to qualify for withholding of removal. They must show a clear probability

2

of persecution on account of a protected ground.  If they meet this heightened burden, withholding of removal is mandatory. However, if applicants cannot demonstrate asylum eligibility, their applications for withholding of removal will necessarily fail as well.

When the Board adopts the immigration judge's decision and includes its own reasoning, this court reviews both decisions.  This court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential.  Factual findings are affirmed if supported by substantial evidence.  Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary.  Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011).

This court recognized a "mixed-motive" standard in Menghesha v. Gonzales, 450 F.3d 142, 148 (4th Cir. 2006), and held that "an asylum applicant need only show that the alleged persecutor is motivated *in part* to persecute him on account of a protected trait."  The court recognized that "persecutors often have multiple motives for punishing an asylum applicant, [and] the INA requires only that an applicant prove that one of those motives is prohibited[.]"  Id.

These mixed-motive legal principles were somewhat narrowed, however, by the passage of the REAL ID Act of 2005. See Abdel-Rahman v. Gonzales, 493 F.3d 444, 453 n.12 (4th Cir. 2007). The Act revised the INA to provide that the applicant must establish that the protected ground asserted "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (2006). The Board addressed this statutory change and noted that its standard in mixed-motive cases "has not been radically altered by the amendment." Matter of J-B-N-, 24 I. & N. Dec. 208, 214 (BIA 2007). As before, "the protected ground cannot play a minor role . . . [and] cannot be incidental, tangential, superficial, or subordinate to another reason for harm. Rather, it must be a central reason for persecuting the respondent." Id.; see Quinteros-Mendoza v. Holder, 556 F.3d 159, 164 (4th Cir. 2009). The question of motivation is one of fact. Matter of S-P-, 21 I. & N. Dec. 486, 490 (BIA 1996).

Sangeet argues that he was abused by the Maoists in large part because of his political activities. He notes that he testified that he was a member of a political party that was opposed by the Maoists, that the Maoists were aware of his party membership and that the Maoists attempted to get him to quit his political party and join the Maoist army.

4

We conclude that substantial evidence supports the finding that Sangeet failed to show he was targeted because of his political opinion or any other protected ground. The evidence clearly supports the finding that he was targeted for money and for recruitment purposes and not because of his political activities. Resistance to forced recruitment by a guerilla group is not a protected ground. INS v. Elias-Zacarias, 502 U.S. 478, 815-16 (1992). Likewise, refusal to pay money to a guerilla group upon their demand is not a protected ground. See Rivera v. Attorney Gen., 487 F.3d 815, 821 (11th Cir. 2007). Thus, the record supports the finding that Sangeet was not eligible for asylum or withholding of removal. We note that our review of the record shows that the immigration judge considered the totality of the circumstances.

We also conclude that substantial evidence supports the finding that Sangeet was not eligible for relief under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5